David JOHNSON, a minor, By and Through his Guardian Ad Litem, Kim D. GRANDYS; and Joseph Mann, a minor, By and Through his Guardian Ad Litem, Gaylord Robert Dolan, Plaintiffs,

v.

LES SCHWAB TIRE CENTERS OF OREGON, INC., dba Les Schwab Tire Centers, an Oregon corporation; and Les Schwab Warehouse Center, Inc., an Oregon corporation, Defendants.

Civ. No. 90–1073–FR.

United States District Court, D. Oregon.

July 1, 1991.

James B. Griswold, Richard A. Lane, James M. Pippin, Portland, Or., Salvador A. Liccardo, San Jose, Cal., for plaintiffs.

Phillip D. Chadsey, Mark J. Fucile, Stoel Rives Boley Jones & Grey, Portland, Or., for defendants.

## OPINION

FRYE, District Judge:

The matter before the court is the motion (# 56) of defendants, Les Schwab Tire Centers of Oregon, Inc., dba Les Schwab Tire Centers (Les Schwab/Oregon), and Les Schwab Warehouse Center, Inc. (Les Schwab/Warehouse), for partial summary judgment against plaintiffs, David Johnson and Joseph Mann.

Plaintiffs state two claims for relief: 1) Les Schwab/Oregon was negligent in mounting a 7.00–15 size tire on a wheel rim that was 8″ wide, and that as a result the van in which plaintiffs were travelling crashed resulting in injuries to plaintiffs; and 2) defendants are strictly liable for the injuries suffered by plaintiffs because of the defective condition of the tire and the wheel rim as sold and mounted. In the motion before the court, defendants seeks summary judgment only on plaintiffs' second claim for relief under the theory of product liability.

## UNDISPUTED FACTS AND CONTENTIONS OF THE PARTIES

Plaintiffs were passengers in a vehicle that crashed in Santa Clara County, California, in 1984. The vehicle was a 1971 Ford van. Plaintiffs contend that: 1) the crash occurred because the right front tire of the vehicle "blew out;" 2) the tire blew out because Les Schwab/Oregon mounted the tire on a wheel rim that was too wide; and 3) the tire and the wheel rim were defective because neither the tire nor the wheel rim bore markings indicating the proper range of wheels or tires, respectively, with which they should be mounted. Plaintiffs also contend that Les Schwab/Oregon, as the retail seller, is strictly liable for the damages caused by the allegedly defective tire, and that Les Schwab/Warehouse, as the wholesaler of the tire, is also strictly liable.

## CONTENTIONS OF THE PARTIES

Defendants contend that they are entitled to summary judgment against the products liability claim of the plaintiffs because the plaintiffs have failed to show that the tire that they allege caused the accident was unreasonably dangerous.

Plaintiffs contend that their claim based on the theory of products liability should not be dismissed because they have shown that: 1) an improperly mated tire and wheel is an unreasonably dangerous product; 2) that no warnings were given to the employees of defendants regarding appropriate sizing requirements for the mating

of tires and wheels; and 3) that an improperly mated tire and wheel can cause a blowout that results in injury to persons in the vehicle.

## ANALYSIS AND RULING

A civil action based on product liability is one brought against the manufacturer, distributor, seller or lessor of a product for damages for personal injury arising out of any failure to warn regarding a product, or any failure to properly instruct in the use of a product. O.R.S. 30.900(2) and (3). Under the laws of the State of Oregon, a product must be defective before there is strict liability in tort. *Anderson v. Klix Chem. Co.*, 256 Or. 199, 202, 472 P.2d 806 (1970). A product may be considered unreasonably dangerous where the seller fails to give directions or warnings as to its use. *Id.* (citing Comment j to Restatement (Second) of Torts § 402A).

██ An article is dangerously defective when it is in a condition unreasonably dangerous to the user. *Heaton v. Ford Motor Co.*, 248 Or. 467, 471, 435 P.2d 806 (1967). It is for the jury rather than the court to say in the ordinary case whether a given product failed to perform as an ordinary consumer would expect it to perform. *Id.* at 472, 435 P.2d 806 (citing *Gherna v. Ford Motor Co.*, 246 Cal.App.2d 639, 55 Cal.Rptr. 94 (1966)). The function of the court is to decide whether the evidence furnishes a sufficient basis for the jury to make an informed decision. *Id.* 248 Or. at 472–73, 435 P.2d 806.

██ Donald David Ross is the manager of the Les Schwab/Oregon store located in Ontario, Oregon. In his deposition, he states that a tire that is too wide for its wheel rim can lead to chafing of the bead of the tire and ultimately to a blowout. Deposition of Donald David Ross, p. 24, lns. 2–17. Ross stated that the consequences of mismating tires and wheel rims, including the possibility of tire blowouts and resulting accidents or fatalities, are discussed by employees of Les Schwab/Oregon during on-the-job training. *Id.* at 39, lns. 8–23. He admitted that Les Schwab/Oregon and its employees assume responsibility for recognizing and avoiding mismating tires and wheels so as to avoid the possibility of accidents. *Id.* at 25, lns. 8–17.

Phil Wick, the president of both defendant corporations, stated in his deposition that other than an Aurora Tire Information Bulletin recommending that the tire that was mounted on plaintiffs' vehicle on an 8″ wheel rim be mounted on a 6″ wheel rim, he was unaware of any other information regarding the mating of tires and wheels that may have been supplied to the Les Schwab/Oregon store located in Ontario, Oregon. Deposition of Phil Wick, p. 22, ln. 7 to p. 23, ln. 11 and p. 42, lns. 15–23.

Jock Scott Brown, an employee of the Les Schwab/Oregon store located in Ontario, Oregon, is the individual who allegedly mounted the tire and wheel on plaintiffs' vehicle. He stated that, to his knowledge, the Les Schwab store in the City of Ontario did not maintain any information regarding the appropriate wheel sizes for tires such as those mounted on plaintiffs' vehicle. Deposition of Jock Scott Brown, p. 27, lns. 10–14.

Based on the record cited above, the court finds that plaintiffs have demonstrated evidence sufficient for a jury to find that: 1) an improperly mated wheel and tire is a dangerous product; and 2) no warnings or information were given to employees of the Les Schwab/Oregon store located in the State of Oregon regarding the size requirements for the tire that was mounted on plaintiffs' vehicle. Under the laws of the State of Oregon, this is sufficient to defeat defendants' motion for partial summary judgment.

## CONCLUSION

Defendants' motion for partial summary judgment (# 56) is denied.